By the Court.
Duer, J.
It is evident upon reading this complaint, that the injuries to the person of M. Purple, as caused by the negligence of the servants of the defendants, are the gravamen, for which the damages claimed are sought to be recovered. *78 The contract with the company is stated merely by way of inducement, as giving a more aggravated character to the negligence charged.
That a right of action for injuries to the person does not survive to an executor, is quite certain, and we agree with Mr. Justice Paige, (Hoyt v. Thompson, 1 Selden, 347,) that we find here the proper test of the assignability of a chose in action. It may be assigned if it would survive, and not otherwise.
It seems to be the opinion, from the cases brought before us, of many members of the profession, that the Code has abolished the distinctions that formerly prevailed, and that every right of action, no matter from what cause it may arise, is now assignable, so as to enable the assignee to maintain the action in his own name, in all cases whatever; but this is certainly an error, and is the very error which the addition made to § 111 of the Code, in the amendments of 1851 was designed to correct. The only alteration made by the Code, is to enable the assignee to maintain the action in his own name, in. those cases, and in those only, in which, by the law, as it existed when the Code was adopted, the right of action was assignable in law or in equity. The common law offences of champerty and maintenance are not wholly obsolete.
On the other hand, as the Code has not enlarged, neither has it restricted, the power of assignment; for we wholly dissent from the construction that some judges seem disposed to give to § 111 as amended in 1851, namely, that it is limited to demands arising out of contract, and forbids by implication the assignment of any founded on a tort. We hold, that every demand that is connected with a right in property, real or personal, and which claims redress for a violation of the right, is assignable, whether the violation is, technically speaking, a tort, or simply a breach of contract. And we think that this rule is a legitimate, if not a necessary deduction from the opinion of the Supreme Court as delivered by Cowen, J., in the case of the People v. Tioga C. Pleas (19 Wend. 73). The rule thus stated excludes only those torts that are so strictly personal, that they die with the person, and it corresponds exactly with the views of Mr. Justice Paige in Hoyt v. Thompson.
The demurrer in the case before us, as the cause of action *79 stated in the complaint, is for a tort strictly personal, is well taken, and the judgment appealed from is therefore affirmed with costs.*

 The decision of the Court of Appeals in the recent case of McKee v. Judd, appears to have settled the law in conformity to the above opinion. (Rep. McKee v. Judd, 2 Kernan, 622.)